AYTAN Y. BELLIN
(admitted *pro hac vice*)
aytan.bellin@bellinlaw.com
BELLIN & ASSOCIATES LLC
50 Main Street, Suite 1000
White Plains, New York  10606
Telephone:  (914) 358-5345
Facsimile:   (212) 571-0284

ROGER FURMAN (STATE BAR NO. 149570)
roger.furman@yahoo.com
7485 Henefer Avenue
Los Angeles, California  90045
Telephone:  (310) 568-0640
Facsimile:   (310) 694-9083

Attorneys for plaintiff Craig Cunningham

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GHS INTERACTIVE SECURITY, LLC, JEFFERY ASHERBRANNER, CAMEREN ASHERBRANNER, SELECT SOURCE SERVICES, LLC, AND SELECT SOURCE,<br><br>Defendants. | Case No.:  2:19-cv-06599-AB-GJS<br>Hon. Andre Birotte Jr.<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>**1.  MONETARY RELIEF FOR VIOLATION OF 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**<br>**2.  INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Craig Cunningham ("Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, for his first amended complaint against defendants GHS Interactive Security, LLC, Jeffery Asherbranner, Cameren Asherbranner, Select Source Services, LLC, and Select Source (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b), and regulations thereunder.

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant resides.

## THE PARTIES

3. Plaintiff is a resident of the State of Texas.

4. Defendant GHS Interactive Security, LLC ("GHS") is a Delaware limited liability company with its principal place of business located at 21031 Warner Center, Suite D, Woodland Hills, California 91367.

5. Upon information and belief, defendant Jeffery Asherbranner resides in the State of California, and has a residence at 34954 Stadler Street, Beaumont, CA 92223.

6. Upon information and belief, defendant Cameren Asherbranner resides in the State of California, and has a residence at 34954 Stadler Street, Beaumont, CA 92223.

7. Upon information and belief, defendant Select Source Services, LLC is a Florida limited liability company with its principal place of business located at 34073 Lily Road, Yucaipa, CA 92399. Upon information and belief, its founder, sole member and president is defendant Jeffery Asherbranner.

8. Upon information and belief, defendant Select Source is a business entity also known as "SS2" that is doing business in Los Angeles Country,

California. Upon information and belief, defendant Cameren Asherbranner is the owner of, and a principal at, defendant Select Source.

## STATUTORY BACKGROUND

9. Plaintiff brings this action against Defendants for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and regulations promulgated thereunder. The TCPA prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system and/or an artificial or prerecorded voice, to any telephone number assigned to a cellular or residential telephone number, without the prior written express consent of the called party.

## UNDERLYING FACTS

10. Upon information and belief, on or about May 16, 2019, Defendants made and/or caused to be made a call to Plaintiff's cell phone number, 615-348-1977, using an artificial or prerecorded voice that was interactive, without Plaintiff's prior express written consent. Upon information and belief, the call was made using an artificial or prerecorded voice because the call was generic; the call did not address Plaintiff by name; the call paused for about two seconds after Plaintiff responded to the voice's "yes" or "no" questions; the voice on the call stated that it wanted to transfer the call to someone who could provide more information; and the call, after getting Plaintiff's "yes" response to the transfer, transferred Plaintiff to a live person. The prerecorded or artificial voice informed Plaintiff that he was being offered a "free" home security system for which he would have to pay only a monthly monitoring charge.

11. After Plaintiff was transferred to a live person, that person repeated that Plaintiff was being offered a free home security system, and that all Plaintiff had to agree to pay was a monthly monitoring charge of $49.99. The live person informed Plaintiff that Defendants would handle the installation, and that Plaintiff

would have to pay $49.99 to Defendants for the first month's monitoring charge.

12.     On or about May 21, 2019, when a technician sent by Defendants came to install the home security system, Plaintiff told the technician that Plaintiff wished to first see the contract for Defendants' servicers. The technician told Plaintiff that Defendants would send Plaintiff the contract by e-mail. Defendants did so.

13.     Upon information and belief, and according to defendant GHS, defendant Jeffery Asherbranner was the Chief Revenue Officer and an employee of GHS at the time the May 16, 2019 robocall using an artificial or prerecorded voice was made to Plaintiff. Upon information and belief, at that time Jeffery Asherbranner oversaw new sales, activating new customer revenues, and marketing at GHS. Jeffery Asherbranner represented to defendant GHS that he was the initial source who brought in Plaintiff as a lead and potential customer. Upon information and belief, Jeffery Asherbranner has been acting as an employee of GHS dating back January 2017, and possibly earlier.

14.     Upon information and belief, defendant Cameren Asherbranner, the son of defendant Jeffery Asherbranner, was a contactor and "direct seller" of GHS's involved in, among other activities, arranging for the installation of a GHS home security system at Plaintiff's house as a result of the May 16, 2019 robocall. Defendant Cameren Asherbranner had been a "direct seller" marketing defendant GHS's home security services dating back to the beginning of 2017, and possibly earlier.

15.     Upon information and belief, defendant Select Source Services, LLC has been a contractor performing marketing, repair and other related services for defendant GHS dating back to at least January 2017. Upon information and belief, defendant Select Source, also known as "SS2," is a company controlled by defendant Cameren Asherbranner and/or defendant Jeffery Asherbranner. Upon information and belief, defendant Select Source has been involved in making

robocalls marketing GHS's services.

16. Plaintiff suffered concrete harm as a result of the telephone call described above in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy, annoyed Plaintiff, used up some of Plaintiff's cell-phone battery charge, and wasted Plaintiff's time.

17. Upon information and belief, over the last four years, Defendants, using an artificial or prerecorded voice, made thousands of telephone calls to the residential and cellular telephone lines of thousands of persons throughout the United States, in which Defendants used content that was identical or substantially similar to that in the call Defendants made to Plaintiff described above, without having obtained the called parties' prior written express consent.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19. <u>Statutory Reference</u>:  This litigation is properly maintainable as a class action pursuant to Rules 23(b)(1)(A), 23(b)(2) and 23(b)(3).

20. <u>Definition of the Proposed Class</u>:  Plaintiffs seek to represent one class of individuals (the "Class") defined as follows:

All persons in the United States to whom Defendants, without having obtained those persons' prior express written consent, initiated and/or caused to be initiated calls during the four years preceding the July 30, 2019 filing date of the Complaint to those persons' cellular or residential telephones, using an artificial or prerecorded voice to announce content identical or substantially similar to the content of the May 16, 2019 call Defendants made to Plaintiff.

21. <u>Approximate Size of the Proposed Class</u>:  Upon information and belief there are, at a minimum, thousands of class members of the Class. Upon information and belief, the size of the Class and the identities of the individual members thereof are ascertainable through Defendants', their contractors', their

agents', and their telephone companies' records, including Defendants' telephone and marketing records. The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

22. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class, and has no interests antagonistic to any of the members of the Class. Plaintiff has retained counsel who are competent and very experienced in federal court litigation, TCPA litigation and class action litigation.

23. <u>Commonality of Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting Plaintiff and members of the Class. The questions of fact and law common to Plaintiff and the Class predominate over questions that may affect individual members, and include:

(a) Whether Defendants violated the TCPA by using an artificial or prerecorded voice within the meaning of the TCPA to make, initiate or cause to be initiated at least one telephone call to Plaintiff and each member of the class, without obtaining the called parties' prior express written consent, the content of which was identical or substantially similar to the content of the call Defendants made to Plaintiff described above;

(b) whether Plaintiff and the members of the Class are entitled to statutory damages from Defendants under the TCPA;

(c) whether Defendants' violations of the TCPA were willful or knowing;

(d) whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendants for Defendants' willful and/or knowing violations of the TCPA; and

(e) whether Plaintiff and the members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

24. <u>Typicality of Claims and Defenses</u>:  Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct:  Defendants, using an artificial or prerecorded voice, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of the class, without obtaining the called parties' prior express written consent, the content of which was identical or substantially similar to the content of the call Defendants made to Plaintiff described above.

25. <u>Nature of Required/Contemplated Notice to the Proposed Class</u>: Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by first class mail notice, fax notice, e-mail notice, website notice, published notice, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

26. <u>Additional allegations supporting Fed. R. Civ. P. 23(b)(3) Class Action</u>:  In addition to the foregoing allegations regarding common questions of law and fact that support this action proceeding as a class action pursuant to Rule 23(b)(3), a class action pursuant to Rule 23(b)(3) is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically unfeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to him, her or it.  The likelihood that the individual members of the Class will prosecute

separate claims is remote.  Individual litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  Plaintiff is aware of one other litigation concerning this controversy that has commenced against defendant GHS in the United States District Court for the Southern District of California by a member of the Class, *Miholich v. GHS Interactive Security, LLC*, 3:19 cv 1032 (S.D. Cal.), but according to GHS, that action was dismissed.  In contrast to individual litigation, the conduct of this matter as a class action would present fewer management difficulties, conserve the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

27. <u>Injunctive Relief</u>:  Defendants have acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the Class as a whole.

## FIRST CLAIM FOR MONETARY RELIEF FOR VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200

28. Plaintiff repeats and realleges all the allegations in paragraphs 1-27.

29. By engaging in the conduct described above, Defendants committed more than 10,000 violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200 against Plaintiff and the members of the Class.

30. By reason of Defendants' violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200, Plaintiff and the members of the Class are entitled to statutory damages under 47 U.S.C. § 227(b)(3) in an amount greater than $5,000,000 from Defendants jointly and severally.

31. If the trier of fact finds that Defendants willfully and/or knowingly violated the TCPA by engaging in the conduct described above, Plaintiff and the

1  members of the Class are entitled to a tripling of the statutory damage award
2  against Defendants jointly and severally.

### SECOND CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200

32. Plaintiff repeats and realleges all the allegations in paragraphs 1-27.

33. Upon information and belief, Defendants committed thousands of violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200.

34. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of the Class are entitled to an injunction against Defendants prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, requests:

A. an order certifying the proposed Class, appointing Plaintiff as the representative of the Class, and appointing the lawyers representing Plaintiff as counsel for the Class;

B. on the first claim, an award to Plaintiff and the members of the Class, and against Defendants jointly and severally, of statutory damages in excess of $5,000,000 pursuant to 47 U.S.C. § 227(b) and regulations thereunder, for Defendants' violations of that statute and the regulations thereunder;

C. on the first claim, if it is found that Defendants willfully and/or knowingly sent and/or caused artificial or prerecorded voice calls described above to Plaintiff and the members of the Class, a tripling of the award of statutory damages pursuant to 47 U.S.C. § 227(b) to an amount in excess of $15,000,000 for Plaintiff and the members of the Class, and against Defendants jointly and severally;

D. on the second claim, an injunction against Defendants prohibiting Defendants from committing further violations of the TCPA and regulations

1 | thereunder; and

2 |     E.    such further relief as the Court deems proper.

3 | Dated: February 24, 2020

                              /s/ Roger Furman
                              ROGER FURMAN, ESQ.

AYTAN BELLIN, ESQ.
(admitted pro hac vice)
BELLIN & ASSOCIATES LLC

Attorneys for plaintiff Craig Cunningham, on behalf of himself and all others similarly situated

9

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: February 24, 2020

                                                /s/ Roger Furman
                                                ROGER FURMAN, ESQ.

                                                AYTAN BELLIN, ESQ.
                                                (admitted pro hac vice)
                                                BELLIN & ASSOCIATES LLC

                                                Attorneys for plaintiff Craig
                                                Cunningham, on behalf of himself
                                                and all others similarly situated