Michael B. Wilson (SBN 233633)
wilson@kckwlaw.com
KUNDANI CHANG KHINDA WILSON, LLP
611 Wilshire Blvd., Suite 325
Los Angeles, CA  90017
Telephone:    (213) 627-2771
Facsimile:    (213) 443-9449

*Attorneys for Defendant and Cross-Complainant*
*GHS INTERACTIVE SECURITY, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Craig Cunningham, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>GHS Interactive Security, LLC,<br><br>             Defendant.<br><br>GHS Interactive Security, LLC,<br><br>             Cross-Claimant,<br><br>v.<br><br>Jeffery Asherbranner, Select Source Services, LLC, Cameren Asherbranner, Select Source 2 and Roes 1 through 10,<br><br>             Cross-Defendants. | Case No.  2:19-cv-06599-AB-GJS<br><br>Honorable Andre Birotte Jr.<br><br>**DEFENDANT GHS INTERACTIVE SECURITY, LLC'S CROSS-COMPLAINT FOR**<br><br>(1) **CALIFORNIA LABOR CODE SECTION 2865**<br>(2) **NEGLIGENCE**<br>(3) **FRAUD (INTENTIONAL MISREPRESENTATION)**<br>(4) **FRAUD (FALSE PROMISE AGAINST JEFFERY ASHERBRANNER)**<br>(5) **FRAUD (FALSE PROMISE AGAINST CAMEREN ASHERBRANNER)**<br>(6) **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>(7) **EQUITABLE INDEMNITY**<br>(8) **BREACH OF CONTRACT (AGAINST JEFFERY ASHERBRANNER)** |

1

DEFENDANT GHS INTERACTIVE SECURITY'S CROSS-COMPLAINT

**(9) BREACH OF CONTRACT (AGAINST CAMEREN ASHERBRANNER)**

**DEMAND FOR JURY TRIAL**

Defendant GHS INTERACTIVE SECURITY ("GHS" or "Cross-Claimant") asserts the following Cross-Complaint against (1) Jeffery Asherbranner, (2) Select Source Services, LLC, (3) Cameren Asherbranner (4) Select Source 2,  and (5) ROES 1 through 10 (together the "Cross-Defendants" as set forth below:

**PARTIES**

1. Defendant and Cross-Claimant GHS is a Delaware LLC with principle offices in Woodland Hills, California.

2. Plaintiff Craig Cunningham is a natural person residing in the state of Texas. On or about July 30, 2019, Plaintiff initiated this action by filing his Complaint against GHS, a copy of which is attached hereto as Exhibit 1. Plaintiff's Complaint alleges violations of the Telephone Consumer Protection Act against GHS.

3. Cross-Defendant Jeffery Asherbranner is a natural person and GHS is informed and believes that he currently resides in Alabama.

4. Cross-Defendant Select Source Services;, LLC ("Select Source") is Florida LLC. Jeffery Asherbranner is Select Source's founder and sole owner.

5. Cross-Defendant Cameren Asherbranner is a natural person and the son of Jeffery Asherbranner. GHS is informed and believes that Cameren Asherbranner previously lived in California but his present whereabouts are unknown to GHS.

6. Cross-Defendant Select Source 2 is an entity, whose exact legal structure is unknown to GHS. GHS is informed and believe the Cameren Asherbranner holds control of, and an ownership interest, in Select Source 2.

7. GHS is informed and believes and on that basis alleges that the Cross-Defendants designated as Roe Cross-Defendants 1 through 10 (the "Roe Cross-Defendants") engaged in a scheme with the other Cross-Defendants as set forth below. The true names and identities of these Roe Cross-Defendants, whether corporate, individual or otherwise are presently unknown to Cross-Claimant and therefore Cross-Claimant has asserted this Cross-Complaint against them under these fictitious names. Cross-Claimant is informed and believes, and on that basis alleges, that each

3

DEFENDANT GHS INTERACTIVE SECURITY'S CROSS-COMPLAINT

of the Cross-Defendants designated by fictitious names are responsible for the harms alleged in this Cross-Complaint. When Cross-Claimant ascertains the true names and identities of these Roe Cross-Defendants, Cross-Claimant will seek leave of this Court to amend this Cross-Complaint.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff and Counter-Defendant Cunningham has brought claims in this Action under the Telephone Consumer Protection Act ("TCPA") and the TCPA is a federal statute. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 372 (2012). This Court has supplemental jurisdiction over Cross-Claimant's state law claims under 28 U.S.C. § 1367.

9. Venue is proper because Mr. Cunningham's complaint against GHS is currently pending in this Court, and venue is proper under 28 U.S.C. § 1391(b)(1).

## CROSS-DEFENDANTS' FRAUDULENT SCHEME TO VIOLATE FEDERAL LAW AND THEIR CONTRACTS AND DUTIES TO GHS

10. As set forth more fully below Cross-Defendants engaged in a conspiracy to make phone calls to prospective customers for GHS using pre-recorded messages and/or autodialers (aka "robocalls"). Under this "Robocall Conspiracy" and as set forth below, the Cross-Defendants purported to be calling on behalf of GHS, but were in fact acting without GHS' knowledge or consent, and against GHS' express instructions.

## LONG TERM BUSINESS RELATIONSHIP WITH CROSS-DEFENDANTS

11. Defendant and Cross-Claimant GHS is a leader in the commercial and residential electronic security monitoring industry.

12. From January 2, 2017 through March 8, 2019, Cross-Defendant Select Source Services was a dealer for GHS. Through its founder and sole member, Jeffery Asherbranner, Select Source sold electronic security monitoring contracts directly to homeowners and other customers throughout the United States. The agreement

4

DEFENDANT GHS INTERACTIVE SECURITY'S CROSS-COMPLAINT

between Select Source Services and GHS is attached hereto as Exhibit 2.

13. On or about March 4, 2017 Cameren Asherbranner entered into a written agreement under which he worked for GHS as a dealer. The written agreement between Cameren Asherbranner and GHS (the "Direct Seller Agreement") is attached hereto as Exhibit 3.

14. Section 4.8. of the Agreement between Cameren Asherbranner, entitled "Telemarketing" provides that GHS "and its suppliers/providers strictly prohibit the use of telemarketing and "speed dial" (random or auto dialing) marketing by Direct Seller. This limitation applies to both customer acquisition and recruiting activities."

15. On or about March 8, 2019, GHS acquired all of Select Source's assets used to generate electronic security monitoring accounts. Jeffery Asherbranner was also hired as GHS' Chief Revenue Officer. A copy of Jeffery Asherbranner's employment agreement (the "Employment Agreement") is attached hereto as Exhibit 4.

16. Section 3 of the Employment Agreement between Jeffery Asherbranner and GHS provides "[Jeffery] Asherbranner acknowledges and agrees that, during the Term, [Jeffery] Asherbranner will have a fiduciary duty of loyalty, fidelity, and allegiance to act at all times in the best interests of [GHS] and to do no act which would, directly or indirectly, injure the Company's business, interests, or reputation." This Section 3 further provided that Jeffery Asherbranner could work with Cameren Asherbranner's business, Select Source 2, to acquire leads for GHS, but could not do so in a "Restricted Area" that included the state of Texas.

### DISCOVERY OF THE ROBOCALLING CONSPIRACY SCHEME AND RESULTING LAWSUIT

17. Sometime after January 2017, Cross-Defendants, in blatant disregard for the TCPA and for the letter and spirt of their agreements, violated GHS' policies and began their Robocall Conspiracy: a scheme to use robocalls, i.e. pre-recorded messages and autodialers, purporting to sell GHS products and services, without GHS

5

DEFENDANT GHS INTERACTIVE SECURITY'S CROSS-COMPLAINT

knowledge or consent, and in direct violation of GHS' policies and express instructions.

18. On or about May 16, 2019, Cross-Defendants initiated or caused to be initiated a robocall to Craig Cunningham, Plaintiff in this Action who resides in Texas. They did so without GHS' knowledge or consent and against GHS' express policies.

19. After initiating their call to Plaintiff Cunningham, Cross-Defendants presented Cunningham to GHS as a legitimate lead and customer, and implicitly falsely represented that, in reaching out to Cunningham, they had complied with applicable law, and with GHS' policies.

20. This May 16, 2019 call by Cross-Defendants gave rise to the present action by Cunningham against GHS.

21. While investigating the claims brought by Plaintiff Cunningham against GHS, GHS discovered evidence that Cross-Defendants were responsible for the May 16, 2019 call to Cunningham.

## FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA LABOR CODE SECTION 2865
### (AGAINST JEFFERY ASHERBRANNER)

22. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

23. Section 2865 of the California Labor Code provides that "[a]n employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer."

24. While employed by GHS as Chief Revenue Officer, Cross-Defendant Jeffery Asherbranner owed GHS a duty to act with reasonable care as a trusted, senior executive.

25. Jeffrey Asherbranner violated this duty, and was grossly negligent when he engaged in his robocalling conspiracy, without GHS' knowledge or consent and

against its express instructions.

26. GHS was damaged by Jeffery Asherbranner's gross negligence, and these damages include, but are not limited to (1) the costs, time and expense of defending the present lawsuit, which arose entirely due to Cross-Defendants' malfeasance, and (2) harm to GHS' reputation.

27. The aforementioned conduct by Jeffrey Asherbranner involved intentional misrepresentations, deceit and/or concealment of material facts known to Jeffery Asherbranner, with willful disregard for GHS' interest and was despicable conduct that subjected to GHS cruel and unjust hardship and conscious disregard of GHS' rights, so as to justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION: NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

28. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

29. Cross-Defendants, and each of them, owed GHS a duty to act with reasonable care as agents for GHS, including, but not limited to, duties to comply with applicable laws, and the terms of their agreements not to use robocalling for any marketing related to GHS.

30. Cross-Defendants breached their duties of care as a result of their conspiracy to engage in robocalling related to GHS, without GHS' knowledge or consent, and against GHS' express policies and instructions.

31. As a direct result of Cross-Defendants' negligence, GHS has and will incur damage in the form of costs to defend this lawsuit, and costs to GHS' reputation, in an amount subject to proof at trial.

32. The aforementioned conduct by Cross-Defendants involved intentional misrepresentations, deceit and/or concealment of material facts known to them, with willful disregard for GHS' interest and was despicable conduct that subjected to GHS cruel and unjust hardship and conscious disregard of GHS' rights, so as to justify an

award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION: FRAUD (INTENTIONAL MISREPRESENTATION)
## (AGAINST ALL CROSS-DEFENDANTS)

33. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

34. When Cross-Defendants conspired to present Plaintiff Cunningham as a legitimate lead for GHS that had been properly obtained, they knew these representations to be false and made these representations with the intention to deceive and defraud GHS and induce GHS to compensate them for this lead.

35. GHS, at the time these misrepresentation were made by Cross-Defendants, was ignorant of the falsity of Cross-Defendants' representations and believed them to be true.

36. GHS, at the time these misrepresentation were made by Cross-Defendants, was ignorant of the falsity of Cross-Defendants' representations and believed them to be true.

37. In reliance on these representations concerning this account, GHS was induced to, and did expend time and effort attempting to fulfill its end of the bargain.

38. Has GHS known the actual facts concerning the Cunningham account, it would not have taken such action. GHS' reliance on Cross-Defendants' representations were justified because Cross-Defendants represented themselves to be faithful agents and employees of GHS.

39. The aforementioned conduct by Cross-Defendants involved intentional misrepresentations, deceit and/or concealment of material facts known to them, with willful disregard for GHS' interest and was despicable conduct that subjected to GHS cruel and unjust hardship and conscious disregard of GHS' rights, so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION: FALSE PROMISE
## (AGAINST JEFFERY ASHERBRANNER)

40. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

41. Jeffery Asherbranner entered into an agreement with GHS to become Chief Revenue Officer for GHS without any intention of faithfully executing his duties.

42. Jeffery Asherbranner's promise without any intention of performance was made with the intent to defraud and induce GHS to rely upon it and to enter into an agreement with Jeffery Asherbranner.

43. In justifiable reliance on Jeffery Asherbranner's conduct, GHS was induced to enter into the asset sale agreement to purchase substantially all the assets of Select Source, to hire Jeffery Asherbranner as Chief Revenue Officer, and to pay his salary and benefits.

44. Contrary to Jeffery Asherbranner's promise to faithfully execute his duties, he engaged in the robocalling conspiracy and thereby caused significant damage to GHS

45. In justifiable reliance on Jeffery Asherbranner's conduct, GHS has been damaged in an amount subject to proof at trial, but including (1) the costs of defending the present action (2) damages done to GHS' reputation and (3) all compensation paid to Jeffery Asherbranner that was obtained as a result of his fraud.

46. The aforementioned conduct by Jeffrey Asherbranner involved intentional misrepresentations, deceit and/or concealment of material facts known to Jeffery Asherbranner, with willful disregard for GHS' interest and was despicable conduct that subjected to GHS cruel and unjust hardship and conscious disregard of GHS' rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION: FALSE PROMISE
## (AGAINST CAMEREN ASHERBRANNER)

47. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

48. Cameren Asherbranner entered into an agreement with GHS to become a Direct Seller for GHS without any intention of faithfully executing his duties.

49. Cameren Asherbranner's promise without any intention of performance was made with the intent to defraud and induce GHS to rely upon it and to enter into an agreement with Cameren Asherbranner.

50. In justifiable reliance on Cameren Asherbranner's conduct, GHS was induced to enter into a Direct Seller agreement with him, and to pay him as agreed under the agreement.

51. Contrary to Cameren Asherbranner's promise to faithfully execute his duties, he engaged in the robocalling conspiracy and thereby caused significant damage to GHS

52. In justifiable reliance on Cameren Asherbranner's conduct, Plaintiff has been damaged in an amount subject to proof at trial, but including (1) the costs of defending the present action (2) damages done to GHS' reputation and (3) all compensation paid to Cameren Asherbranner that was obtained as a result of his fraud.

53. The aforementioned conduct by Jeffrey Asherbranner involved intentional misrepresentations, deceit and/or concealment of material facts known to Jeffery Asherbranner, with willful disregard for GHS' interest and was despicable conduct that subjected to GHS cruel and unjust hardship and conscious disregard of GHS' rights, so as to justify an award of exemplary and punitive damages.

# SIXTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECITON 17200
## (AGAINST ALL CROSS-DEFENDANTS)

54. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

55. Pursuant to California Business & Professions Code, Section 17200, unfair competition is defined in part as "any unlawful, unfair or fraudulent business act or practice."

56. Pursuant to California Business & Professions Code, Section 17204, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

57. As alleged herein, Cross-Defendants, and each of them, have engaged in acts of unfair competition as defined in California Business & Professions Code, Section 17200 by engaging in the acts herein alleged, including engaging in their robocall conspiracy in violation of GHS' rights, and violating GHS' express instructions, and in falsely presenting Plaintiff Cunningham as a properly acquired lead.

58. The above acts and omissions of Cross-Defendants, and each of them, as herein-alleged, constitute unlawful, unfair, fraudulent and deceptive conduct as proscribed by California Business & Professions Code, Section 17200 et seq.

59. GHS is entitled to and hereby seeks injunctive relief, including a temporary restraining order and/or a preliminary injunction, against Cross-Defendants and each of them.

60. The above acts and omissions of Cross-Defendants, and each of them, as

herein-alleged, constitute unlawful, unfair, fraudulent and deceptive conduct as proscribed by California Business & Professions Code, Section 17200 et seq.

### SEVENTH CAUSE OF ACTION: EQUITABLE INDEMNITY
### (AGAINST ALL CROSS-DEFENDANTS)

61. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

62. The harm, if any, suffered by Plaintiff Cunningham, and any violations of the TCPA are entirely the fault of Cross-Defendants.

63. GHS is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending the underlying action brought by plaintiff Cunningham, the exact amount of which is unknown at this time. When the same has been ascertained, GHS will seek leave of court to amend this cross-complaint to set forth the true nature and amount of said costs and expenses.

64. If GHS held liable and responsible to plaintiff for damages as alleged in the Complaint, it will be solely due to the conduct of Cross-Defendants, and each of them, as herein alleged. Therefore, GHS is entitled to be indemnified by said Cross-Defendants, and each of them should such liability arise.

### EIGHTH CAUSE OF ACTION: BREACH OF CONTRACT
### (AGAINST JEFFERY ASHERBRANNER)

65. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

66. By entering into his Employment Agreement with GHS and accepting valuable consideration Jeffery Asherbranner covenanted to perform his contractual obligations in accordance with the principles of good faith and fair dealing.

67. Jeffery Asherbranner have breached their contractual duties by engaging in the Robocall Conspiracy which violates, among other provisions Section 3 of the Employment Agreement

68. At all times relevant hereto, GHS has performed under the terms of the

Employment Agreement or its performance has been excused due to the failure of Jeffery Asherbranner to perform under the Employment Agreement.

39. GHS has suffered harm through Jeffrey Asherbranner's engaging in the Robocall Conspiracy, in the form of foreseeable costs and expenses incurred in defending this lawsuit and damages to its reputation.

### NINTH CAUSE OF ACTION: BREACH OF CONTRACT
### (AGAINST CAMEREN ASHERBRANNER)

69. Cross-Claimant realleges and incorporates by reference each paragraph of this Cross-Complaint as if set forth here.

70. By entering into his Direct Seller Agreement with GHS and accepting valuable consideration Cameren Asherbranner covenanted to perform his contractual obligations in accordance with the principles of good faith and fair dealing.

71. Cameren Asherbranner has breached his contractual duties by engaging in the Robocall Conspiracy which violates, among other provisions Section 4.8 of the Direct Seller Agreement

72. At all times relevant hereto, GHS has performed under the terms of the Direct Seller Agreement or its performance has been excused due to the failure of Cameren Asherbranner to perform under the Direct Seller Agreement.

73. GHS has suffered harm through Cameren Asherbranner's engaging in the Robocall Conspiracy, in the form of foreseeable costs and expenses incurred in defending this lawsuit and damages to its reputation.

### CROSS-CLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, CROSS-CLAIMANT prays as follows:

1. For general damages in an amount according to proof at trial;
2. For punitive and exemplary damages;
3. For costs of suit, including reasonable attorneys' fees; and

4. For such other relief that the Court determines is just and proper.

Dated: February 28, 2020    **KUNDANI CHANG KHINDA WILSON, LLP**

By: /s/ Michael B. Wilson
Michael B. Wilson
Attorneys for Defendant, Counter-Claimant, and Cross-Claimant
GHS Interactive Security, LLC

## DEMAND FOR JURY TRIAL

Cross-Claimant hereby requests trial by jury on its Cross-Complaint.

Dated: February 28, 2020    **KUNDANI CHANG KHINDA WILSON, LLP**

By: : /s/ Michael B. Wilson
Michael B. Wilson
Attorneys for Defendant, Counter-Claimant, and Cross-Claimant
GHS Interactive Security, LLC